**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

EFRAIN NMI GONZALEZ,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

Civil No. 14-1277 (PAM/JJG)

**REPORT AND RECOMMENDATION**

This case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.    BACKGROUND**

Petitioner is an inmate at the Federal Prison Camp in Duluth, Minnesota. He is

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

serving a 225-month prison sentence that was imposed in November 2007 in the United States District Court for the Southern District of Texas. (Petition, p. 2, §§ 1-4.) Petitioner was sentenced after pleading guilty to conspiracy to possess with intent to distribute at least 1000 kilograms of marijuana and at least 5 kilograms of cocaine. United States v. Gonzalez, No. 2:00-CR-257.[2]

Under the terms and conditions of Petitioner's plea agreement, he was barred from filing a direct appeal, or seeking post-conviction relief under 28 U.S.C. § 2255, unless his sentence did not conform to certain conditions described in the agreement. The sentence imposed by the trial court judge did conform to those conditions, so Petitioner's waiver of his right to challenge his sentence became binding upon his sentencing. (See Petition, p. 3, § 10, ["Petitioner waived his right to any post-conviction appeal or motion as conditions in part to plea agreement"].[3]) Because of the waiver in the plea agreement, Petitioner has never challenged his conviction or sentence by means of an appeal, or by filing a § 2255 motion.[4]

In the present habeas corpus case, Petitioner is attempting to challenge the

---

[2] The record from Petitioner's federal criminal case in the Southern District of Texas is available to this Court by means of the Case Management/Electronic Case Filing system ("CM/ECF") that is maintained by the federal judiciary.

[3] The Court has reviewed Petitioner's plea agreement, (see n. 2, supra), and finds that he did indeed waive his right to appeal or file a § 2255 motion, unless he was sentenced outside of certain parameters.

[4] In February 2013, Petitioner wrote a letter to the Clerk of Court in the Southern District of Texas, seeking to have his sentence reduced for a variety of reasons. (See Petition, Exhibits, [Docket No. 1-1], p. 2.) That letter was construed to be a motion, and the motion was denied by the trial court judge. United States v. Gonzalez, No. 2:00-CR-257 (Order dated March 13, 2013, [Docket No. 38]). (See n. 2, supra.)

sentence that was imposed in 2007 in the Southern District of Texas. The current petition lists three grounds for relief, which, repeated verbatim and in their entirety, are as follows:

> "**Ground 1** Error in application of fraud enhancement. Petitioner has provided proof to court that he was ultimately exonerated of offense stemming from case in Mexico. Requests four-point reduction/correction."
>
> **Ground 2** Sentence offense level was never adjusted to reflect 2-point reduction for Acceptance of Responsibility, and two-to-four-point allowance for misapplying 'ring leader' enhancement to sentence."
>
> **Ground 3** Sentencing court erroneously attached an inflated Category and offense level, with no concessions considered despite signing plea agreement. Former counsel never contested sentence for Petitioner."

(Petition, p. 3, § 9.)

For the reasons discussed below, the Court finds that Petitioner's current challenges to his 2007 federal prison sentence cannot be brought in a § 2241 habeas corpus petition.

## II. DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Subsection 2255(e) provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

3

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of his 2007 prison sentence in his Texas federal criminal case. Although Petitioner has not clearly explained exactly why he thinks his sentence is invalid, he obviously believes that errors were made, and his sentence should be set aside. Therefore, Petitioner's current § 2241 habeas corpus petition is barred by the § 2255 exclusive remedy rule, unless the savings clause is applicable.

However, Petitioner has made no effort to show that the savings clause is

applicable in this case.[5] He apparently believes that § 2255 is an inadequate or ineffective remedy for his current claims, and the savings clause should be applied here, simply because he waived his right to seek relief under § 2255 pursuant to his plea agreement in his Texas federal criminal case. That notion must be rejected.

The Eighth Circuit Court of Appeals has repeatedly held that § 2255 is <u>not</u> an inadequate or ineffective remedy, and the savings clause is therefore <u>not</u> applicable, simply because a prisoner is procedurally barred from seeking relief under § 2255. Section 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." <u>United States v. Lurie</u>, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). "[I]n order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." <u>Hill</u>, 349 F.3d at 1091.

Petitioner's waiver of his right to seek relief under § 2255 is just another procedural obstacle, like the statute of limitations, (<u>see</u> § 2255(f)), or the restriction on filing second or successive § 2255 motions, (<u>see</u> § 2255(h)). The waiver by itself does not affect the adequacy of the legal remedy provided by § 2255. <u>Sanchez v. United States</u>, Civil No. 13-847 (PAM/JJG) (D.Minn. 2013), 2013 WL 2052553, at *3

---

[5] The habeas corpus petition form used by Petitioner directed him to explain why § 2255 should be viewed as an inadequate or ineffective remedy for his current claims, and Petitioner completed that section of the petition form by simply inserting "NA." (Petition, p. 4, § 12.)

5

(Report and Recommendation adopted May 14, 2013, at 2013 WL 2052306); Winters v. Fisher, Civil No. 09-3312 (MJD/SRN), (D.Minn. 2009), [Report and Recommendation by Magistrate Judge – now District Court Judge – Susan Richard Nelson], 2009 WL 5185756 at *3, n. 3 ("waiving the right to use the remedy provided by § 2255 does not cause the remedy itself to be inadequate or ineffective") (citing Adams v. Samuels, No. 6:05-689-DCR (E.D.Ky. 2006), 2006 WL 695250 at *3). See also Nguyen v. Davis, Civil No. 10-cv-87-BNB, (D.Colo. 2010), 2010 WL 902481 at *2 (habeas petitioner's "waiver of his right to file a § 2255 motion is merely a procedural bar to obtaining relief pursuant to § 2255 and... the existence of a procedural bar is not sufficient to demonstrate that the remedy available pursuant to § 2255 is inadequate or ineffective").

Thus, the Court finds that Petitioner's waiver of his right to seek relief under § 2255 does not make § 2255 an "inadequate or ineffective" remedy for purposes of § 2255(e), which means that the savings clause is not applicable here. See Jennings v. Holland, CIV.A. 10-00039-HRW (E.D.Ky. 2010), 2010 WL 1839011 at *3 (because habeas petitioner "waived his right to file a § 2255 motion challenging his conviction and sentence, he can not argue that his remedy under § 2255 was inadequate or ineffective to test either the validity of his confinement or his sentence; he can not avail himself of the savings clause of § 2255; and he cannot obtain relief in this Court via § 2241"); Murrah v. Rivera, No. CIVA 9:08-3712-SB (D.S.C. 2009), 2009 WL 252095 at *3 ("[t]he fact that a challenge to [habeas petitioner's] sentence is not available under § 2255 because he waived his statutory right to a collateral attack

6

does not make § 2255 ineffective or inadequate"); Reid v. Williamson, No. CIV.A. 1:06-CV-2429 (M.D.Pa. 2007), 2007 WL 2688722 at *2 ("[t]he fact that [habeas petitioner] waived his right to an appeal under § 2255 in a plea agreement does not render § 2255 inadequate or ineffective").

Because the savings clause is not applicable, Petitioner's current § 2241 habeas corpus petition is barred by the exclusive remedy provision of § 2255(e), and this action must be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

Having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will further recommend that Petitioner's pending application to proceed in forma pauperis, (Docket No. 2), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

### III.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

7

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be **DENIED**;

2. Petitioner's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

3. This action be summarily **DISMISSED** for lack of jurisdiction.


Dated:  May 5, 2014                         s/ *Jeanne J. Graham*
                                            JEANNE J. GRAHAM
                                            United States Magistrate Judge


**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **May 23, 2014**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.